UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYTHEON COMPANY a/b/t )<br>NETWORK CENTRIC SYSTEMS, )<br>2501 West University Dr. )<br>M/S 8064 )<br>McKinney, TX 75070-0801 )<br>        )<br>        *Plaintiffs*,    )<br>        )<br>v.    )<br>        )<br>DEPARTMENT OF THE ARMY, )<br>USARDECOM Acquisition Center )<br>ATTN: AMSRD-ACC-CC )<br>4118 Susquehanna Ave )<br>APG, MD 21005-3013 )<br>        )<br>    and    )<br>        )<br>WASHINGTON MANAGEMENT )<br>GROUP, INC. d/b/a FEDSOURCES )<br>1990 M St NW # 400 )<br>Washington, DC 20036 )<br>        )<br>        *Defendant.*    )| Case No. _____ |

## PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL

Concurrent with this Motion, Plaintiff Raytheon Company, acting by and through its Network Centric Systems business unit ("Raytheon") is filing with this Court a Complaint and Motion for Preliminary Injunction seeking to protect from disclosure under the Freedom of Information Act ("FOIA") certain commercially sensitive information emanating from Contract No. W91CRB-07-D-0029 between Raytheon and Defendant Department of the Army.

1930119_1.DOC

Attached to the Complaint are certain Exhibits, designated by the letters A through I.

Two of these exhibits, designated "Exhibit C" and "Exhibit F" (hereafter "the Sealed Exhibits") consist of the information that Raytheon is seeking to protect from disclosure on the basis that it (1) is confidential and proprietary commercial information not subject to release under Exemption 4 of FOIA 5 U.S.C. § 552(b)(4), and (2) contains trade secrets that must be protected under the Trade Secrets Act, 5 U.S.C. §1905.

For this reason, the Sealed Exhibits are not attached to the Complaint, but instead are attached to this Motion to Seal. Disclosure of the Sealed Exhibits into the public record would immediately moot the "reverse-FOIA" lawsuit filed by Raytheon, as it would accomplish the very outcome that Raytheon has brought the suit to avoid - placing its detailed contract data into the public record without redaction or protection.

In fact, the damage would be increased, as the documents contained in the Sealed Exhibits are redlined proposed redactions, in which all document contents are clearly visible. In each of its proposed releases, the Army has redacted some limited amount of information. Even those minor redactions are not present in the Sealed Exhibits.

The Sealed Exhibits must be filed under seal to protect Raytheon's confidential information and to maintain the ability and authority of this Court to grant relief on the record. No party will be prejudiced by the maintenance of these exhibits under seal for the duration of this matter.

WHEREFORE, Plaintiff respectfully request that the Court grant this Motion and place the designated exhibits under seal.

- 3 -

                                    Respectfully submitted,

                                    ARNOLD & PORTER, LLP

                                    By: _____
                                    Kristen Ittig, Bar No. 452340
                                    Stuart Turner, Bar No. 478392
                                    555 Twelfth Street
                                    Washington, D.C. 20004
                                    (202) 942-5000 Telephone
                                    (202) 942-5999 Facsimile
                                    *Attorney for Raytheon Company -*
                                    *Network Centric Systems*

Dated: August 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, a true and accurate copy of the foregoing Motion to File Exhibits Under Seal was served on the following individuals. Exhibits were not provided to the served parties, pending the establishment of a protective order in this matter. The Army has never identified a contact in its legal department for this FOIA matter, but Raytheon requests that the Army personnel in receipt of these documents forward the material to the Army's counsel at once:

| | |
|---|---|
| Beverly McMillan<br>Management Analyst<br>USARDECOM Acquisition Center<br>ATTN: AMSRD-ACC-CC<br>4118 Susquehanna Ave<br>Aberdeen Proving Ground, MD 21005-3013<br>Tel: (410) 278-0850 (DSN 298)<br>Email: beverly.mcmillan@us.army.mil | (Email and Overnight Mail) |
| Kathryn J. Bankerd<br>Contracting Officer<br>USARDECOM Acquisition Center<br>ATTN: AMSRD-ACC-CC<br>4118 Susquehanna Ave<br>Aberdeen Proving Ground, MD 21005-3013<br>Tel: (410) 278-0850 (DSN 298)<br>Fax: (410) 306-3740 | (Fax and Overnight Mail) |
| Carolyn Alston<br>General Counsel<br>Washington Management Group<br>1990 M St NW # 400<br>Washington, DC 20036<br>Tel: (202) 833-1120<br>Email: calston@washmg.com | (Email and Overnight Mail) |

_____
Stuart Turner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYTHEON COMPANY a/b/t<br>NETWORK CENTRIC SYSTEMS,<br>2501 West University Dr.<br>M/S 8064<br>McKinney, TX 75070-0801<br><br>            *Plaintiffs*,<br><br>    v.<br><br>DEPARTMENT OF THE ARMY,<br>USARDECOM Acquisition Center<br>ATTN: AMSRD-ACC-CC<br>4118 Susquehanna Ave<br>APG, MD 21005-3013<br><br>    and<br><br>WASHINGTON MANAGEMENT<br>GROUP, INC. d/b/a FEDSOURCES<br>1990 M St NW # 400<br>Washington, DC 20036<br><br>            *Defendant.* | Case No. _____ |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PERMISSION
TO FILE EXHIBITS UNDER SEAL AND OTHER RELIEF**

Plaintiff Raytheon Company, acting by and through its Network Centric Systems business unit ("Raytheon")has brought a motion for permission to file exhibits under seal and for an order prohibiting the use of information contained within the exhibits. All the facts, documents, and arguments presented have been considered by this Court. It is hereby

ORDERED, ADJUDGED AND DECREED:

1930031_1.DOC

1. Plaintiff's Motion is GRANTED as described in paragraphs 2 and 3 herein.

2. That the exhibits designated "Exhibit C" and "Exhibit F" attached to the Complaint filed in this matter ("the sealed exhibits") shall be sealed.

3. That all parties are prohibited from disseminating the information contained within the sealed exhibits and from using the information for any purpose other than the proceedings presently before the Court.


Dated: _____      _____
                                     U.S. District Court Judge