UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN E. LEE,                          ) | |
|                                   ) | |
|         Plaintiff,   ) | |
| v.                               ) | Civil Action No. 06-1448 (RMC) |
|                                  ) | |
| MARY E. PETERS, Secretary,     ) | |
| United States Department of Transportation, ) | |
|                                  ) | |
|        Defendant.   ) | |

**CONSENT PRIVACY ACT PROTECTIVE ORDER**

Defendant Mary E. Peters, Secretary of the United States Department of Transportation ("DOT" or "Agency"), and plaintiff Susan E. Lee ("Plaintiff"), by and through their undersigned attorneys, agree and consent to the Court's entry of this Privacy Act Protective Order:

This is an employment discrimination lawsuit in which Plaintiff alleges that Defendant discriminated against her on the basis of her disabilities, defendant's record of her disabilities, and its perception of her as if she were disabled, when defendant allegedly denied her reasonable accommodations and constructively discharged her from the Agency's employment. Plaintiff also alleges that the Agency retaliated against her for initiating an EEO complaint against the Department of Transportation. Defendant denies all of the allegations. Each party is currently or anticipates seeking and/or disclosing personnel, medical, and other records that are likely to contain confidential information, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Health Insurance Portability and Protection Act. The purposes of the protective order are to allow defendant to release to counsel in the above-captioned case information otherwise protected by the Privacy Act, to allow defendant to obtain

information about plaintiff from other governmental agencies, 5 U.S.C. § 552a(b)(11), and to allow either party to request confidential treatment of certain documents which will need to be produced in this case.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that, for the purposes of this case, defendant shall release to counsel for plaintiff and to this Court records and information otherwise protected by the Privacy Act including the names, address, personal identifiers and any and all other personal information about the plaintiff and third parties that may be contained in defendant's records at issue in this litigation. 5 U.S.C. § 552a. Similarly, other agencies shall release to defendant records pertaining to plaintiff for use in this litigation. Nothing in this Order shall be construed as requiring the release to plaintiff's counsel of information which was identified in any of defendant's responses to plaintiff's written discovery requests as subject to privilege. Further, nothing in this Order shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of documents or information in the party's possession prior to or for reasons unrelated to the proceedings in this action. Defendant will expressly identify documents or information the release of which might pertain to third parties and contain information subject to the Privacy Act by marking each document "Protected by the Privacy Act" or using a similar moniker. 5 U.S.C. § 552a. Nothing in this paragraph shall be construed as a requirement that defendant mark as "protected" documents or information about Plaintiff for release to Plaintiff's counsel.

It is further **ORDERED** that a Protective Order is entered as follows:

Whenever counsel for either party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or the Health Insurance Portability and Protection Act or may contain other types of confidential or sensitive information, the following procedures shall be followed:

1. Counsel for the party producing such information shall designate the information as subject to this Order by letter and by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

2. The parties shall not file discovery materials, including interrogatories, answers : thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this Order with the Clerk. Documents and information identified in accordance with paragraph 1 of this Protective Order shall be kept in strict confidence and used exclusively in connection with this litigation.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth therein the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the

Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the caption of this action, a brief description of the contents of such sealed envelope or container, and the words "under seal." Nothing in this Protective Order should be taken as limiting the right of any party to offer documents and information covered by this Order into the record of this action in redacted form that deletes individually identifying information and from which the identity or identities of individual persons cannot be determined.

4. The right of access to all records designated "CONFIDENTIAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties (including agency counsel), consultants to the parties, paralegals, interns, and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Defendant's right of access to all records of plaintiff designated "CONFIDENTIAL MEDICAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to counsel for the defendant (including agency counsel), consultants to the parties, paralegals, interns and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. No officials or employees of Defendant, except for agency counsel and any other person mutually authorized by all counsel, shall have access to plaintiffs records designated "CONFIDENTIAL MEDICAL," although the Court will upon request reconsider such access for a limited number of agency officials at a time when defendant believes such access has become necessary for purposes of considering settlement or otherwise.

5. Except as provided herein, no person having access to records designated as subject to this Order shall reveal to any person not named in paragraph 4 any information contained in such material without further Order of the Court or stipulation of the parties.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, counsel shall so notify opposing counsel in writing.

7. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case. If however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

9. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If either party disagrees with the other party's designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court removing the disputed material from the protection of this Protective

Order. Until any such disagreement is adjudicated, the party in receipt of records designated "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" shall treat the records and the information contained in the records in accordance with the terms of this Protective Order.

10. Each person to whom records or information designated "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" under this Protective Order is revealed shall sign and date a copy affirming that they have read and agree to be bound by the terms of this Protective Order. Counsel of record for each party shall retain those signed copies, which shall not be provided to the adverse party.

Dated: August 7, 2007.

Respectfully submitted,

/s/Susan L. Kruger
ALAN LESCHT, Bar No. 441691
SUSAN L. KRUGER, Bar No. 414566
Alan Lescht & Associates, P.C.
1050 17th Street, N.W. - Suite 220
Washington, D.C. 20036
(202) 463-6036

JEFFREY A. TAYLOR, Bar No. 498610
United States Attorney

RUDOLPH CONTRERAS, Bar No. 434122
Assistant United States Attorney

/s/
JANE M. LYONS, Bar No. 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Attorney for Plaintiff
Susan E. Lee

Attorney for Defendant
Mary E. Peters, Secretary of Transportation

**SO ORDERED:**

8/17/07
Date

ROSEMARY M. COLLYER
**United States District Judge**